KLOPPENBURG, J.[1]
¶ 1 The circuit court granted summary judgment in favor of WEA Trust, dismissing Peter Anderson's claim that WEA Trust breached its implied contractual duty of good faith and fair dealing. Anderson alleged that WEA Trust committed the breach by failing to inform Anderson that WEA Trust had denied primary coverage for medical expenses Anderson incurred between April and October 2015. On appeal, Anderson argues that there is a genuine issue of material fact as to whether the monthly statements that WEA Trust sent Anderson during that period adequately informed him that WEA Trust had denied primary coverage for the medical expenses listed in those statements. The circuit court ruled that the monthly statements unambiguously stated that WEA Trust had denied primary coverage for the listed medical expenses. I agree and, therefore, I affirm.
BACKGROUND
¶ 2 The following facts are undisputed. Anderson received primary health insurance from WEA Trust until his wife's retirement on March 31, 2015. Beginning April 1, 2015, Anderson received health insurance from WEA Trust through his wife's retiree health plan. At that time, Anderson had enrolled in Medicare Part A, which covers hospital care, and was eligible for but had not enrolled in Medicare Part B, which covers outpatient medical care including doctor visits. In this opinion I use the term "medical expenses" to refer to expenses for outpatient medical care.
¶ 3 Under the terms of the retiree plan insurance contract effective April 1, 2015, WEA Trust provided secondary, not primary, insurance coverage. That is, WEA Trust agreed to pay only for certain medical expenses above and beyond those covered by Medicare Part B, regardless of whether or not Anderson had enrolled in Medicare Part B.
¶ 4 Anderson called WEA Trust in October 2015 to ask why the medical expenses he had incurred since April 2015 had not been paid. At that time, WEA Trust advised Anderson that he needed to enroll in Medicare Part B. Anderson subsequently enrolled in Medicare Part B, effective November 1, 2015.
¶ 5 Between April and October 2015, when Anderson was not enrolled in Medicare Part B, Anderson incurred approximately $3,000 in medical expenses for which he filed claims with WEA Trust. WEA Trust did not provide primary coverage for any of the medical expenses Anderson incurred between April and October 2015.
¶ 6 Anderson filed this small claims action in Dane County Circuit Court to recover the medical expenses for which WEA Trust did not provide primary coverage between April and October 2015. WEA Trust moved for summary judgment dismissing Anderson's claims. After extensive briefing and oral argument by the parties and comprehensive and thorough analysis by the circuit court, the court in a series of rulings granted WEA Trust's motion and dismissed all of Anderson's claims. Anderson appeals only the court's dismissal of his claim that WEA Trust breached its implied contractual duty of good faith and fair dealing because, according to Anderson, the monthly statements that WEA Trust sent him did not inform him that WEA Trust had denied primary coverage for the medical expenses listed in those statements.
DISCUSSION
¶ 7 Anderson argues that the circuit court erroneously granted summary judgment dismissing his claim that WEA Trust breached its implied contractual duty of good faith and fair dealing. More specifically, Anderson contends that there is a genuine issue of material fact as to whether WEA Trust in its monthly statements between April and October 2015 adequately informed him that it had denied primary coverage of the medical expenses listed in those statements. WEA Trust responds that it is entitled to summary judgment dismissing Anderson's claim because the monthly statements unequivocally informed Anderson that it had denied primary coverage of the listed medical expenses. As I explain, I agree with WEA Trust.
¶ 8 This court reviews the circuit court's grant of summary judgment de novo, applying the same standards as the circuit court. Waters v. U.S. Fid. & Guar. Co. , 124 Wis. 2d 275, 278, 369 N.W.2d 755 (Ct. App. 1985). "[S]ummary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." M&I First Nat'l Bank v. Episcopal Homes Mgmt., Inc. , 195 Wis. 2d 485, 496-97, 536 N.W.2d 175 (Ct. App. 1995) ; WIS. STAT. § 802.08(2).
¶ 9 As stated, the issue is whether there exists a genuine issue of material fact regarding the monthly statements that WEA Trust sent to Anderson listing his medical expenses between April and October 2015. While the record contains only one monthly statement, dated July 17, 2015, both the parties and the circuit court refer to "monthly statements" in the plural and appear to analyze the July statement as representative of any other monthly statements WEA Trust may have sent Anderson between April and October 2015. Following the parties' lead, I do the same.
¶ 10 As I now explain, I, like the circuit court, conclude that there is no genuine issue as to the fact that the July 2015 monthly statement informed Anderson that WEA Trust had denied primary coverage for the expenses listed in the statement.
¶ 11 The July 2015 statement, reading from left to right, contains columns labeled "Date of Service," "Service Code," "Description," "Provider Charge," "Amount Allowed," and "Amount Paid." For each listed expense ("Service") described in the first three columns ("Date," "Code", and "Description"), the "Provider Charge" column contains a dollar amount (the amount charged for the service), while both the "Amount Allowed" and the "Amount Paid" columns show "$0.00." Thus, in these columns alone, the statement unequivocally shows that WEA Trust did not provide any coverage for the expenses listed in the statement, because the statement shows that WEA Trust neither allowed nor paid any portion of those expenses.
¶ 12 In addition, for each listed expense, there is a column entitled "Remark Code," which contains the number "22." At the bottom of the table is a footnote 22, which reads, "This care may be covered by another payer per coordination of benefits. Please send the explanation of payment or denial from your primary insurance carrier so we can determine if any additional payment is due." As Anderson points out, the footnote does not make clear whether the claims are covered by another carrier; however, it does clearly alert Anderson to the fact that WEA Trust is not the primary insurance carrier and provides notice that WEA Trust expects him to carry other insurance. This Remark Code as explained in the footnote confirmed to Anderson that WEA Trust had denied primary coverage for the expenses listed in the monthly statement.
¶ 13 Lastly, just above the footnote are two lines, one reading "Total amount paid to you or provider" and the amount "$0.00," and the other reading "Your responsibility" and the amount "$0.00." These two lines unequivocally informed Anderson that WEA Trust provided no coverage for the listed expenses because they state that (1) WEA Trust paid nothing either to him or to his treatment providers, and (2) he owed nothing to WEA Trust. Anderson's averment that he misunderstood the "[y]our responsibility" line to absolve him of any financial liability for the expenses at all is unavailing for at least the following reasons.
¶ 14 First, the table is entitled "Summary of Claims Processed," which indicates at the outset that the table displays WEA Trust's expenditures in response to the claims submitted, not Anderson's total obligations. Second, the prominently bolded notice at the bottom of the statement that "THIS IS NOT A BILL" further clarifies that the table does not list Anderson's total obligations. Third, as stated above, the line reading "[y]our responsibility" must be read together with the line immediately preceding it: "[t]otal amount paid to you or provider." Positioned directly below that line, the line reading "[y]our responsibility" clearly refers to Anderson's obligation to WEA Trust for the amount paid by WEA Trust to him or to the treatment provider, not to Anderson's obligation to the provider.
¶ 15 In sum, reading the July 2015 monthly statement as a whole, I conclude that WEA Trust in its monthly statements unequivocally informed Anderson that it had denied primary coverage for the expenses listed in the statements.
¶ 16 I now explain why I decline to address three additional arguments made by the parties on appeal. Two of the additional arguments are made by Anderson. First, he appears to suggest that WEA Trust also breached its duty of good faith and fair dealing by failing to draft the insurance contract to state more clearly that WEA Trust was only offering secondary insurance. I do not consider this argument because Anderson did not raise it before the circuit court, and because he does not develop it or support it with citation to legal authority on appeal. See Village of Trempealeau v. Mikrut , 2004 WI 79, ¶ 15, 273 Wis. 2d 76, 681 N.W.2d 190 ("Issues that are not preserved at the circuit court ... generally will not be considered on appeal." (quoted source omitted) ); State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (appellate courts "may decline to review issues inadequately briefed" and "[a]rguments unsupported by references to legal authority will not be considered.").
¶ 17 As his second additional argument, Anderson appears to suggest in his reply brief that WEA Trust also breached its duty of good faith and fair dealing by failing to inform him that he had not enrolled in Medicare Part B. The only authority Anderson cites in support of this argument is North River Insurance Co. v. CIGNA Reinsurance Co. , 52 F.3d 1194 (3d Cir. 1995), which he asserts stands for the proposition that "the good faith duty includes an unqualified obligation to make full and accurate disclosure of all facts." Regardless of whether this proposition supports Anderson's argument, opinions of the court of appeals for the third circuit are not binding on this court, even when they relate to federal law. State v. Mechtel , 176 Wis. 2d 87, 94, 499 N.W.2d 662 (1993). They certainly cannot establish a new legal duty for insurers as a matter of Wisconsin state law. Because Anderson points to no Wisconsin authority establishing a duty for WEA Trust to inform him that he had not enrolled in Medicare Part B, and because he raises this argument for the first time in his reply brief, I do not consider this argument further. See Bilda v. Cty. of Milwaukee , 2006 WI App 57, ¶ 20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661 ("It is a well-established rule that we do not consider arguments raised for the first time in a reply brief."); State v. Pettit , 171 Wis. 2d at 646.
¶ 18 The third additional argument is made by WEA Trust, which offers an alternative basis for affirming the circuit court's grant of summary judgment. Specifically, WEA Trust argues that the tort of bad faith is the exclusive remedy available for an insurer's breach of the implied contractual duty of good faith and fair dealing, and that because the circuit court had already dismissed Anderson's bad-faith tort claim-a ruling that Anderson does not challenge on appeal-no claim for the breach of the duty of good faith and fair dealing remains available to Anderson.[2] I do not reach this legal argument because I affirm the factual basis for the circuit court's ruling, namely, that the record establishes that WEA Trust did not in its monthly statements breach its duty of good faith and fair dealing. See Barrows v. American Family Ins. , 2014 WI App 11, ¶ 9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive."); State v. Heyer , 174 Wis. 2d 164, 170, 496 N.W.2d 779 (Ct. App. 1993) ("appellate court should dispose of an appeal on the narrowest possible ground").
CONCLUSION
¶ 19 For the reasons stated above, I affirm.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

In his reply brief, Anderson argues that WEA Trust cannot raise the issue of whether tortious bad faith subsumes contractual bad faith because it failed to file a cross-appeal on that issue. Although I do not address that issue for the reasons stated in the text, I note that WEA Trust can properly make that argument on appeal because it is not seeking any modification to the circuit court's judgment, but rather is arguing for affirmation. See McLellan v. Charly , 2008 WI App 126, ¶ 18 n.2, 313 Wis. 2d 623, 758 N.W.2d 94 (cross-appeal not necessary when party argues for same relief on alternative ground).