# COURT OF APPEALS
## DECISION
## DATED AND FILED

## November 7, 2019

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No.** **2018AP1372** | **Cir. Ct. No. 2013FA331** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS**<br>**DISTRICT IV** |

IN RE THE MARRIAGE OF:

ANGELIKA A. HEINTZ,

   PETITIONER-APPELLANT,

 V.

BRUCE HEINTZ,

   RESPONDENT-RESPONDENT.

---

APPEAL from orders of the circuit court for Jefferson County: BENNETT J. BRANTMEIER, Judge. *Reversed and cause remanded with directions*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In this divorce case, Angelika Heintz appeals post-judgment orders of the circuit court that reduced the amount of the monthly maintenance paid to her by her husband, Bruce Heintz, and required Angelika to refund to Bruce maintenance overpayment.[1] Angelika challenges the court's decision that an increase in Angelika's income was a substantial change in circumstances warranting the modification of maintenance, as well as other determinations made by the court in ordering the modified maintenance payments. Because the court failed to explain, and we cannot discern, a factually supported basis for the court's decision as to a substantial change in circumstances, we reverse and remand for further proceedings consistent with this opinion.[2]

---

[1] Because both parties have the same last name, we will refer to the parties by their first names for clarity.

[2] We do not reach Angelika's other challenges because the threshold issue we discuss, the propriety of the circuit court's decision as to a substantial change in circumstances warranting modification of maintenance, is dispositive. *See* WIS. STAT. § 767.59(1f)(a) (2017-18) (A court may modify or terminate maintenance "only upon a finding of a substantial change in circumstances."); *Barrows v. American Family Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive."); *State v. Heyer*, 174 Wis. 2d 164, 170, 496 N.W.2d 779 (Ct. App. 1993) ("appellate court should dispose of an appeal on the narrowest possible ground").

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted. The statutory language that we apply has not changed since the time relevant to the motions here.

## BACKGROUND

¶2      There is no dispute as to the following facts.  Angelika and Bruce divorced in 2015 after twenty-four years of marriage.  At the time of divorce, Bruce worked at the post office and earned $5,256.31 gross income per month.  Angelika worked as a floral designer and earned $1,500.70 gross income per month.  Angelika and Bruce had one child, who would graduate from high school in June 2016 and turn eighteen the following month.  In the divorce judgment, the circuit court noted that it "expects [Angelika] to make at least $22,879.00 as a full time floral designer" after the child graduated from high school.  The court found it "appropriate under the facts of this case to equalize the income of the parties after payment of child support" and "reasonable for each party to have approximately the same amount of net income" to address their monthly budgets.  In order to accomplish this equalization of income, the court awarded Angelika indefinite maintenance, commencing July 1, 2016, in the amount of $1,500 per month.

¶3      On June 1, 2017, Bruce moved to terminate or modify maintenance, based on multiple alleged substantial changes in circumstances, namely: (1) Bruce's gross income had decreased; (2) Angelika's gross income had increased; and (3) Angelika was "engaged in a marriage-like relationship with Cory Olp."  On December 7, 2017 and January 3, 2018, a family court commissioner heard testimony from Angelika, Bruce, their child, and Olp.  The commissioner denied Bruce's motion to terminate or modify maintenance.

¶4      Bruce timely filed a motion for a de novo hearing in the Jefferson County circuit court.  In March and April 2018, the court held the hearing, at which Angelika, Bruce, and Olp testified.  The court decided that there was a

substantial change in circumstances based on only one of the three changes alleged by Bruce, namely, the alleged increase in Angelika's income. The court found that Angelika was earning $26,520 per year gross from her florist wages, as well as "unexplained gross income of $900 per month as identified in Trial Exhibit 19" (that is, $10,800 per year) for a total "earning capacity" of $37,320 per year. The court decided that such an increase in Angelika's income was a substantial change in circumstances and ordered a reduction in the amount of Bruce's maintenance payments to Angelika from $1,500 per month to $837 per month in order to equalize the parties' gross incomes.

¶5 Bruce moved for reconsideration to reduce the amount further, based on the after-tax net income results from inputting the circuit court's gross income findings into the TaxCalc18 Program. As a result, the court ordered Bruce to pay Angelika taxable maintenance of $786 per month retroactive to July 1, 2017. Because the cumulative effects of the court's orders resulted in Bruce having overpaid maintenance to Angelika by $8,500 between July 1, 2017 and June 30, 2018, the court also ordered that Bruce's future thirty-four monthly payments to Angelika be reduced by $250 per month, starting July 1, 2018. Angelika appeals.

¶6 We will state further details in the discussion below.

## DISCUSSION

¶7 Angelika argues that the circuit court erroneously exercised its discretion in deciding that there was a substantial change of circumstances based on an increase in her florist wages and additional unexplained income for two reasons: (1) her increased florist wages were contemplated at the time of divorce; and (2) there is no evidence in the record supporting the court's finding of an additional $10,800 in current annual gross income earned by her at the time of the

modification hearing. We first state the standard of review and applicable legal principles, and we then address each of Angelika's arguments in turn.

*I. Standard of Review and Applicable Legal Principles*

¶8       As stated above, a court may modify or terminate maintenance "only upon a finding of a substantial change in circumstances." WIS. STAT. § 767.59(1f)(a). The party seeking modification must show that the substantial change in circumstances warrants the proposed modification. *Rohde-Giovanni v. Baumgart*, 2004 WI 27, ¶30, 269 Wis. 2d 598, 676 N.W.2d 452. "This change must be substantial and relate to a change in the financial circumstances of the parties." *Benn v. Benn*, 230 Wis. 2d 301, 309, 602 N.W.2d 65 (Ct. App. 1999) (citations omitted). "The court should compare the facts surrounding the previous order with the parties' *current* financial status to determine whether the moving party has established a substantial change in circumstances." *Jantzen v. Jantzen*, 2007 WI App 171, ¶7, 304 Wis. 2d 449, 737 N.W.2d 5 (emphasis added).

¶9       We treat as discretionary a circuit court's maintenance modification decisions, including the court's decision as to whether there has been a substantial change in circumstances. *Cashin v. Cashin*, 2004 WI App 92, ¶44, 273 Wis. 2d 754, 681 N.W.2d 255. "Under this standard of review, we affirm the [circuit] court's decision on whether there is a substantial change in circumstances if there is a reasonable basis in the record for the [circuit] court's decision." *Id.; see also Lemke v. Lemke*, 2012 WI App 96, ¶7, 343 Wis. 2d 748, 820 N.W.2d 470. A court properly exercises its discretion when it examines the relevant facts, applies the correct standard of law, and uses a rational process to reach a reasonable conclusion. *Randall v. Randall*, 2000 WI App 98, ¶7, 235 Wis. 2d 1, 612 N.W.2d 737.

## II. *Angelika's Arguments*

### A. *Angelika's Florist Wages*

*Pertinent Facts and Circuit Court Findings*

¶10     As summarized above, at the time of divorce the circuit court found that Angelika's gross income as a florist was $1,500.70 per month (or $18,008.40 per year) and that Angelika was expected "to make at least $22,879.00 as a full time floral designer" when her minor child graduated from high school in June 2016.

¶11     At the 2018 hearing, Angelika testified that she was working an average of thirty-two to thirty-six hours per week as a florist and earning $15 per hour.  Accordingly, the circuit court that found Angelika was "earning $26,520 per year gross ($15 per hour at 34 hours per week)."

*Analysis*

¶12     Angelika argues that the increase in her annual wages as a florist between the time of the divorce and the time of the modification hearing was not a proper basis to establish a substantial change in circumstances, because such an increase was contemplated at the time of divorce, as expressed in the divorce judgment.  As summarized above, at the time of divorce, the circuit court anticipated that she would earn at least $22,879 per year in 2016 after her child graduated from high school.  We understand Angelika to argue that the fact that her annual florist wages had risen to $26,520 by 2018 was at least roughly in line with what was anticipated at the time of the divorce, as expressed in the divorce judgment.

¶13     Critically, Bruce does not respond to Angelika's argument that the court at the time of divorce based its original maintenance order on Angelika's anticipated future florist wages, and that, therefore, her current higher florist wages were anticipated at the time of divorce and were not a proper basis for the court's decision that there was a substantial change in Angelika's financial circumstances in 2018.   Accordingly, we deem Bruce to have conceded that Angelika's argument is correct.  *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) ("Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute.").

## B.  Angelika's "Unexplained Cash Deposits" Income

¶14     Angelika argues that the circuit court also erroneously exercised its discretion in relying on Exhibit 19 as indicative of Angelika's current income to support its decision that Angelika's increased income was a substantial change of circumstances.   Specifically, Angelika argues that, even if these deposits represented income during an earlier period of time, the court did not explain, and the record does not support, its finding that such income continued beyond the time of the last deposit shown in the exhibit, January 2017.   Therefore, the argument continues, the court had no evidentiary basis on which to find that Angelika's gross income exceeded her florist wages after January 2017.   As we now explain, we agree.

### Pertinent Facts and Circuit Court Findings

¶15     The circuit court originally awarded maintenance in April 2015, Bruce moved to modify maintenance in July 2017, and the de novo hearing on Bruce's motion took place in March and April 2018.

7

¶16    At the hearing, Angelika testified that in January 2016 she formed a business with Cory Olp known as HNM Motors, LLC. Angelika testified that, although she and Olp attempted to start this business, the business "didn't work" and she and Olp stopped trying to make it work by the end of 2016 or the beginning of 2017. Angelika acknowledged that a document from the Wisconsin Department of Financial Institutions still listed her as the registered agent for the business as of the time of the hearing, but testified that, regardless of her failure to formally dissolve the business, "there is no income. There is nothing there. There is a name."

¶17    Bruce presented at the hearing Exhibit 19, which was a document created for purposes of litigation by Bruce. Angelika affirmed that the exhibit constituted a list (and accompanying images) of fifteen deposits made into Angelika's checking account from April 2015 to January 2017 totaling $18,226.74. Angelika testified that the deposits were most likely from "money from our savings account that [she and Bruce] shared before [the] divorce" and that after the divorce, Angelika "took [her] half and took the cash. So I have my cash at home for it. When I was short of money I had to deposit the money to pay bills." Angelika also testified that the source of some of the deposits was Olp's paying her back for purchases that he had made on her credit card.

¶18    The circuit court found both Angelika and Bruce "to be credible," although the court "did not find [] Olp to be credible." Notably, while the court was not more specific than this in its credibility findings, the court expressed no criticism or doubt about any of the testimony given by Angelika.

¶19    The circuit court separately found that the Exhibit 19 deposits constituted evidence that Angelika "earns unexplained gross income of $900 per

month." The court noted that, as of the time of the hearing, Olp "still has a sign posted on his property for the business." The court further noted that Angelika was still listed as the registered agent for the business. In addition, the court observed that, at the time of the motion hearing held before the court commissioner in December 2017, Angelika had testified that she continued to allow Olp to use her credit card to purchase parts and equipment for his business, but that Olp would "immediately" pay her back.

¶20     The circuit court rounded the Exhibit 19 total down to $18,000, then divided the figure by twenty months to arrive at a monthly income of $900,[3] which it called "unexplained gross income." The court added to Angelika's increased florist wages the "unexplained gross income of $900 per month" to find that Angelika "has total *present* gross income of $37,320 per year" (emphasis added).

*Analysis*

¶21     As we stated above, in determining whether there is a substantial change in circumstances warranting modification of maintenance, a circuit court must compare the facts surrounding the previous order to the parties' *current* financial status. **_Jantzen_**, 304 Wis. 2d 449, ¶7 (emphasis added).

¶22     We agree with Angelika that the circuit court engaged in an erroneous exercise of discretion in making the comparison. Specifically, the court failed to explain why the monthly "unexplained gross income of $900" indicated in Exhibit 19 for the time period from April 2015 to January 2017 could be

---

[3] The deposits in Trial Exhibit 19 appear to have taken place over twenty-one, not twenty months, and $18,226.74 divided by twenty-one equals $867.94. Because neither party raises this issue, we proceed with our analysis based on the calculations used by the circuit court.

attributed to Angelika's current financial situation, when the last deposit in Exhibit 19 was made in January 2017. The court pointed out that Angelika was continuing to allow Olp to use her credit card so long as Olp paid her back right away. On this particular point, we fail to see how her allowing Olp to use her credit card, along with the unrebutted testimony that he immediately repaid her, could reasonably provide a basis to support a finding that Angelika was receiving income from Olp or the business.

¶23    More generally, the circuit court failed to explain how any of this evidence reasonably supported its conclusion that Angelika continued to earn $900 in income per month based on the facts of record, and we cannot discern a reasonable basis in the record to support the conclusion. For example, the mere existence of the sign for the business could stand for little, given the testimony of Angelika, which the court credited. The same goes for the form indicating registration of the business in Angelika's name. Because an exercise of discretion requires a rational explanation based on the facts and law, the court erroneously exercised its discretion in failing to provide an explanation as to how evidence of deposits, which the only relevant testimony established ended in January 2017, reflected Angelika's current income. *See Jantzen*, 304 Wis. 2d 449, ¶7.[4]

¶24    Bruce's argument to the contrary fails to persuade. Bruce notes that the circuit court also relied on Exhibit 19 to find that Angelika and Olp "fashioned their finances in a manner intended to prevent the modification of maintenance."

---

[4] We note that, while the circuit court found Olp not to be credible, Angelika's arguments against a substantial change in circumstances do not depend on any of Olp's testimony. In testimony that the court did credit, Angelika made all of the points that support her arguments.

Bruce argues that by making this finding the court "intended to convey" that it could not determine the extent to which Angelika continued to intermingle her finances with Olp's finances because, in Bruce's words, their "actions were designed to deceive the court." In support of this argument, Bruce points to three pieces of evidence that he maintains showed deceit, but for which Angelika provided explanations that, if credited, rebutted any such implication. The court explicitly found Angelika credible, which is impossible to reconcile with a conclusion that the court "intended to convey" that Angelika arranged her finances in a manner intended to deceive the court about her income. In effect, Bruce asks this court to find deception by Angelika where the court found no deception on her part.

¶25 Bruce also asserts that the circuit court "concluded" that the cohabitation of Angelika and Olp was part of an overall substantial change in circumstances since the date of the divorce. However, the court made no such finding. Bruce may mean to suggest that the court found that Angelika was, at the time of the modification hearing, improperly using maintenance to support Olp's lifestyle. However, as we have explained, the court based its substantial change in circumstances decision solely on the premise that Angelika's income had increased. We conclude that this was an erroneous exercise of discretion.

**CONCLUSION**

¶26 For the reasons stated, we reverse the circuit court's decision that there was a substantial change in circumstances, namely an increase in Angelika's income, which warranted modification of the maintenance award from Bruce to Angelika. Because the court reduced the amount of maintenance Angelika received to $786 a month retroactive to July 1, 2017, and further reduced that

monthly figure by $250 per month for thirty-four months starting July 1, 2018 in order to accommodate the "repayment" of maintenance that it found Bruce had overpaid, we reverse and remand for the circuit court to reinstate the original maintenance award and to order Bruce's repayment of the amounts Angelika was entitled to, and not paid, starting July 1, 2018. The details of the repayment schedule are to be determined by the court in its discretion.

*By the Court.*—Orders reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.