COURT OF APPEALS
DECISION
DATED AND FILED

April 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP1929**

STATE OF WISCONSIN

Cir. Ct. No.  2018CV43

IN COURT OF APPEALS
DISTRICT III

---

ROBIN ZAHRAN AND KAREN ZAHRAN,

  PLAINTIFFS-APPELLANTS,

 V.

BANK OF AMERICA,

  DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Door County: D. T. EHLERS, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Robin Zahran and Karen Zahran (collectively "the Zahrans"), pro se, appeal an order dismissing their complaint against Bank of

America, N.A. ("BANA"). The Zahrans argue the circuit court erred by concluding their complaint is barred under the doctrines of issue preclusion and claim preclusion. For the reasons discussed below, we agree with the circuit court that claim preclusion bars the Zahrans' complaint.[1] We therefore affirm the order.

## BACKGROUND

¶2 In 2009, the Zahrans, along with Abbas Zahran, as trustee of the 5457 Bay Shore Drive Trust, initiated an action against BANA in Cook County, Illinois. The Zahrans alleged that in January 2003, they sought financing from LaSalle Bank/ABN/AMRO (predecessor of BANA) for the purchase of a retirement home in Sturgeon Bay. According to the complaint, LaSalle promised that the adjustable rate on the loan would be converted to a permanent fixed rate within the first year of the loan's term. The complaint further alleged that, as directed by LaSalle, they placed the proposed property in a Trust, with a third party as trustee and the Zahrans as beneficiaries.

¶3 The Zahrans claim that they individually signed a promissory note dated January 24, 2003, for the amount of $506,000, but that note was never funded. On February 5, 2003, both Robin and the trustee signed an adjustable rate note promising to pay the bank the principal sum of $506,000.[2] That note was secured by a mortgage on the Sturgeon Bay property. The mortgage, however, mistakenly referenced the January 24, 2003 promissory note. In a "Correction

---

[1] Because the complaint was properly dismissed as barred by the doctrine of claim preclusion, we need not address issue preclusion as an alternative ground to affirm the circuit court's order. *See* **State v. Heyer**, 174 Wis. 2d 164, 170, 496 N.W.2d 779 (Ct. App. 1993) (an appellate court should dispose of an appeal on narrowest possible ground).

[2] Karen initialed the note.

2

Instrument" recorded in June 2017, the mortgage's reference to the January 24 note was corrected to identify the February 5 note.

¶4 The Zahrans claimed that the bank refused to convert the loan to a fixed rate, as promised; the parties had various disputes over the accounting of funds purportedly paid by the Zahrans; the parties entered into a loan modification agreement; and the bank reneged before initiating a foreclosure action in federal court. The Zahrans sought specific performance and other relief, based on claims alleging slander of title and breach of contract arising from the "January and February 2003" notes. The Zahrans' slander of title claim arose from their assertion that the bank knowingly recorded an "incorrect mortgage" referencing the unfunded January 24 note. The breach of contract claim was based on the bank's failure to honor its alleged promise to convert the loan to a fixed rate.

¶5 The Illinois circuit court dismissed several of the claims alleged in what was the Zahrans' second amended complaint with prejudice, including their claim for slander of title. The Zahrans' claim for breach of contract arising from the January and February 2003 notes was, in effect, abandoned, as it was omitted from the Zahrans' third and fourth amended complaints. The fourth amended complaint sought specific performance arising from BANA's alleged breach of a loan modification agreement. The Zahrans also sought injunctive relief "for accounting and for correction of credit reporting" by the bank. The complaint also alleged: (1) violations of the Wisconsin statute governing interest rate changes and required notice of changes related to adjustable rate mortgages; (2) fraud in the inducement related to an alleged second attempted loan modification; (3) invasion of privacy and violation of Wisconsin laws governing rights to privacy and property; (4) the willful and intentional or, alternatively, negligent violation of the Fair Credit Reporting Act, 15 U.S.C. 1681s-2(b); (5) estoppel;

(6) violations of the Fair Credit Reporting Act, 15 U.S.C. 1681; and (7) breach of a settlement agreement.

¶6      The Illinois circuit court dismissed the claims alleging a breach of the loan modification and settlement agreements, as being barred by the Statute of Frauds.  The remaining claims were dismissed with prejudice for failure to state a claim.  The Appellate Court of Illinois affirmed the circuit court's judgment and dismissed the appeal because the appellate brief had a number of "defective flaws" and Robin, along with an attorney representing Karen and the Trust, had filed the appeal and signed the brief, thus giving the appearance of a lawyer partnering with a nonlawyer to practice law, in violation of Illinois Rules of Professional Conduct.  The Illinois Supreme Court denied the Zahrans' petition for leave to appeal.  *See Zahran v. Bank of America*, 93 N.E.3d 1084 (Ill. 2017).

¶7      The Zahrans subsequently filed the underlying action in Door County, alleging predominantly the same facts and asserting six claims—four of which were asserted in the Illinois lawsuit.  Specifically, the instant action claimed "breach of contract of the 2003 note and the note agreement," slander of title, violation of the Wisconsin statute governing loan interest rate changes, and invasion of privacy and intrusion on personal freedom.  The Zahrans added new claims alleging violations of both Wisconsin's Debt Collection Practices Act and the statute governing escrow accounts.

¶8      BANA moved to dismiss the complaint as barred by the doctrines of issue preclusion and claim preclusion.  The circuit court granted the motion to dismiss, and this appeal follows.

4

**DISCUSSION**

¶9     The Zahrans argue the circuit court misapplied the law when dismissing their complaint.[3]   Under the doctrine of claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings." ***Northern States Power Co. v. Bugher***, 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995) (citation omitted).   There are three elements that must be present to establish claim preclusion:  "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction."   ***Id.*** at 551.   Whether claim preclusion applies to a particular factual scenario is a question of law that we review independently.  ***Id.***

¶10     Here, it is undisputed that there is an identity between the parties in both actions and a final judgment on the merits of the first action in a court of competent jurisdiction.   Further, the claims alleging slander of title, violation of the Wisconsin statute governing interest rate changes and required notice of changes related to adjustable rate mortgages, and invasion of privacy and intrusion on personal freedom, show an identity to the claims dismissed by the Illinois

---

[3] As an initial matter, BANA asks this court to dismiss the appeal based on the Zahrans' failure to comply with the Rules of Appellate Procedure governing the form of an appellant's brief, WIS. STAT. RULE 809.19(1) (2017-18), including the insertion of argument in their statement of the case.  BANA alternatively seeks dismissal because the Zahrans' brief fails to fully develop clear arguments and abandons many of the claims in their complaint.  We are not persuaded that dismissal is warranted in this case, but we admonish the Zahrans that future violations of our appellate rules may result in sanctions, including the striking of noncompliant briefs.  *See* WIS. STAT. RULE 809.83(2) (2017-18).  We will address the Zahrans' arguments as best we can discern them, but we have no duty to address undeveloped arguments or to develop arguments on a party's behalf.  *See **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

court. The Illinois judgment is therefore conclusive as to these litigated matters. With respect to the remaining claims in the instant case, the Zahrans could have litigated them in the Illinois action. With particular respect to their breach of contract claim, as noted above, the Zahrans effectively abandoned that claim during the Illinois litigation. To the extent the Zahrans suggest that their claims were not decided in Illinois because the appellate court did not reach the merits of their claims, they cite no authority for their position.

¶11    The Zahrans nevertheless argue that while the causes of action in the Door County suit may appear to be the same or similar to those brought in the Cook County case, the present claims are based upon new acts and breaches of contract. Citing *Federal Nat'l Mortg. Ass'n v. Thompson*, 2018 WI 57, 381 Wis. 2d 609, 912 N.W.2d 364, the Zahrans assert that claim preclusion does not apply because BANA continued to violate their statutory, contractual, and other rights after the Illinois circuit court dismissed their claims. We are not persuaded.

¶12    In *Thompson*, our supreme court held that where an earlier foreclosure action was dismissed with prejudice, claim preclusion did not bar a lender from bringing a subsequent foreclosure action based upon the borrower's continued default on the same note. *Id.*, ¶4. There, the matters that were litigated or might have been litigated in the earlier lawsuit were not the same as those in the subsequent lawsuit. *Id.*, ¶6. There was no "identity of causes of action" between the two cases, and "[a] different set of operative facts predicated upon separate and distinct defaults on the note [was] alleged in each lawsuit." *Id.*

¶13    Here, the Zahrans have failed to identify any new or discrete act or conduct by BANA giving rise to a new cause of action in the Door County case. Both cases share a common nucleus of operative facts. To the extent the Zahrans

emphasize the 2017 correction instrument as new proof that the bank knowingly recorded an incorrect mortgage, they fail to adequately develop a cognizable argument based on the correction instrument. It is unclear how an incorrect date for a note referenced in the mortgage slanders title, and it is equally unclear how its correction creates a separate cause of action. The Zahrans also assert that BANA continues to deny their demands to convert the note to a fixed interest rate. However, they identify no basis to claim that BANA had a duty to renegotiate the interest rate on the loan. In any event, their continued demand for a fixed interest rate arises from the same operative facts alleged in the Cook County action. Because the Door County complaint alleged claims that either were or could have been litigated in the Cook County action, the circuit court properly dismissed the Zahrans' complaint as barred by claim preclusion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).

7